UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20244-CIV-SEITZ/O'SULLIVAN

JAMES FRANCOIS,

      Plaintiff,

vs.

MIAMI-DADE COUNTY, PORT OF MIAMI,

      Defendant
_____/

## ORDER GRANTING SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment [DE-18]. Plaintiff's two count complaint alleges (1) a violation of Title VII based on national origin discrimination and (2) a violation of the Florida Civil Rights Act based on national origin discrimination. Defendant moves for summary judgment because Plaintiff's claims fall outside the scope of his Equal Employment Opportunity Commission (EEOC) charge, which did not include any mention of national origin discrimination. Because Plaintiff's claims are outside the scope of his EEOC charge, Defendant's Motion for Summary Judgment is granted.

**I. Undisputed Facts and Procedural History**

Plaintiff was employed by the Miami-Dade County Seaport Department from July 30, 2007 until July 17, 2008, as a Seaport Enforcement Speacialist. A month before his termination, on June 18, 2008, Plaintiff, with the assistance of counsel, filled out a EEOC Intake Questionnaire. (DE-27-1.) Question 4 of the Questionnaire asked "What is the reason (basis) for your claim of employment discrimination?" In response, Plaintiff checked the boxes for "National Origin" and "Retaliation." Question 5 of the Questionnaire asked "What happened to

you that was discriminatory?" In response, Plaintiff wrote: "sexual harassment and subsequent persecution due to reporting same to supervisors." Attached to the Questionnaire were two letters, Plaintiff's counsel wrote, one to the Manager of the Port of Miami and one to the Mayor of Miami-Dade County. The letter to the Port Manager made no mention of Plaintiff's national origin charge; instead, it stated that one of Plaintiff's supervisors had made sexual advances and other sexual propositions to Plaintiff. (DE-27-1 at 9-10.) The letter to the Mayor referred to the harassment described in the letter to the Port Manager. The letter concluded by asking the Mayor to "look into these allegations and other allegations of discrimination against employees of Haitian descent at the Port of Miami." However, the letter does not say that Plaintiff is of Haitian descent.

On June 18, 2008, after filling out the Questionnaire, Plaintiff filed a Charge of Discrimination with the EEOC. Plaintiff asserts that the charge was filled out by an EEOC employee. However, Plaintiff signed the EEOC charge under the statement that "I declare under penalty of perjury that the above is true and correct." The EEOC charge makes no mention of Plaintiff's national origin. (DE-19-1.) In the box where Plaintiff is to set out the basis for the discrimination he checked "sex" and "retaliation." In describing the particulars of the alleged discrimination in the EEOC charge, Plaintiff stated that he has "been subject to a sexually hostile work environment . . . and discriminated and retaliated against because of my sex/male and for engaging in protected activity in violation of Title VII." Plaintiff amended the charge on July 29, 2008 to add that he was terminated on July 17, 2008. Plaintiff made no other amendments to the EEOC charge.

2

Defendant filed a letter with the EEOC in response to the EEOC charge on September 9, 2008. (DE-19-2.) Defendant's letter stated that it was "in response to the sexual harassment and retaliation charge filed by Plaintiff." On June 26, 2009, the EEOC issued its Letter of Determination. (DE-19-3.) The Letter states that Plaintiff claimed he was sexually harassed and, after he reported the advances and filed a complaint, he was harassed, intimidated, and ultimately terminated. The EEOC Letter found that there was sufficient evidence to support Plaintiff's retaliation claim based on Plaintiff's complaints of sexual harassment, but found the evidence insufficient to support a claim of sexual harassment. On January 26, 2010, Plaintiff filed his complaint. (DE-1.) Throughout the process of filing complaints at work, filing his EEOC charge, and filing suit, Plaintiff has been represented by counsel. (DE-27-1.)

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Defendant is Entitled to Summary Judgment

Defendant moves for summary judgment based on Plaintiff's failure to raise national origin discrimination in his EEOC charge. Thus, Defendant argues that Plaintiff's complaint is beyond the scope of the EEOC charge, which is fatal to Plaintiff's national origin claim. Plaintiff does not dispute that the EEOC charge makes no mention of national origin discrimination; instead, Plaintiff asserts that he should not be punished based on the error of an EEOC employee in omitting the national origin claim from the EEOC charge. Additionally, Plaintiff argues that Defendant was put on notice of Plaintiff's national origin claims by the two letters Plaintiff sent to the Port Manager and the Mayor. Thus, the purpose of the EEOC charge was met.

Generally, a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Georgia Dep't of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quotations and citations omitted). Thus, "[n]o action alleging a violation of Title VII may be

brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." *Thomas v. Miami Dade Public Health Trust*, 369 Fed. App'x 19, 22 (11th Cir. 2010) (quoting *A.M. Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1332 (11th Cir.2000) (overruled on other grounds by *Manders v. Lee*, 338 F.3d 1304, 1328 n. 52 (11th Cir.2003))). While the scope of an EEOC charge should be liberally construed, the proper inquiry is whether the claims in a judicial complaint are like, related to, or grow out of the allegations contained in the EEOC charge. *Gregory*, 355 F.3d at 1280 (finding that a claim of retaliation based on race and sex discrimination is inextricably intertwined with the EEOC charge alleging race and sex discrimination, but not retaliation).

Plaintiff's national origin claims were not alleged in his EEOC charge and are thus barred. Nothing in Plaintiff's EEOC charge or his amended charge indicated that Plaintiff's claims were based on national origin. His EEOC charges alleged only sexual discrimination and harassment and retaliation based on those claims. Not only did Plaintiff not mark the "national origin" box on his EEOC charge, but also his description of the allegedly discriminatory actions makes no mention of national origin. Plaintiff's national origin claims simply are not like, related to, and do not grow out of his claims of sexual harassment and retaliation set out in his EEOC claim.[1] Consequently, Plaintiff's national origin claims were not exhausted administratively and are barred. *See Thomas*, 369 F.3d at 22 (upholding district court decision that judicial claim that plaintiff had not been promoted because of race and sex discrimination was barred for failure to exhaust administrative remedies when EEOC charge alleged that

---

[1] The Court also notes that Plaintiff verified his EEOC charges and knew enough to file an amended charge. However, he implicitly argues that he did not know enough to correct the mistake of the EEOC employee who omitted his national origin claims.

plaintiff had not been promoted because of retaliation only). Furthermore, it is clear from the Defendant's response to the EEOC charges and from the EEOC's Letter of Determination that the investigation involved only Plaintiff's claims of sexual discrimination and harassment and retaliation based on Plaintiff's complaints of sexual discrimination and harassment.

Plaintiff relies on *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1321 (11th Cir. 2001), for the proposition that a deficiency in the EEOC's performance of its duties should not adversely affect a plaintiff's right to sue. Based on this, Plaintiff argues that the EEOC employee who filled out the EEOC charge erred by excluding Plaintiff's national origin claims and Plaintiff should not be penalized for this error. However, Plaintiff reads *Wilkerson* far too broadly. *Wilkerson* addressed the question of whether a timely filed EEOC Intake Questionnaire could serve the purpose of an EEOC charge for purposes of the statute of limitations. *Id.* at 1317. In *Wilkerson*, the plaintiff filed her Intake Questionnaire within the statute of limitations period. However, the EEOC failed to timely process the Questionnaire and, thus, no timely charge was issued. Because the Questionnaire met all of the requirements of a charge, including verification by the Plaintiff, the Eleventh Circuit held that the Questionnaire constituted a timely filed EEOC charge. *Id.* at 1321.

In the instant case, Plaintiff seeks to have the Court expand the holding of *Wilkerson* well beyond the issue actually ruled on to find that information in Plaintiff's non-verified Intake Questionnaire should supplant the allegations in Plaintiff's verified EEOC charge so that Plaintiff is not penalized for the actions of the EEOC employee who omitted Plaintiff's national origin claim from the EEOC charge. The Court declines to do so. First, the language of *Wilkerson* does not support such a broad reading. Second, unlike in *Wilkerson*, where the plaintiff's judicial

claims would have been entirely barred by the delay at the EEOC, here Plaintiff's claims for sexual discrimination and harassment and retaliation would not have been barred if Plaintiff had brought them in his judicial complaint. However, Plaintiff failed to raise these claims in his judicial complaint and, instead, based his complaint on claims that had not been raised with the EEOC. Thus, Plaintiff's claims are not barred because of the actions of an EEOC employee but because of Plaintiff's actions – his failure to include his national origin claim in his verified EEOC charge, his failure to amend his EEOC charge to include a national origin claim, and his failure to draft his complaint based on the claims raised in his EEOC charge, on which the EEOC made its determination.

Plaintiff also argues that the purpose of the EEOC charge, putting Defendant on notice of the charges against it, was met, even if the EEOC charge did not contain a claim of national origin discrimination because Defendant was put on notice by the letters to the Port Manager and the Mayor. However, a review of the letters indicates that the letters refer to sexual harassment, not national origin discrimination. Only in passing, does the letter to the Mayor mention "other allegations of discrimination against employees of Haitian descent at the Port of Miami." Neither letter refers to a single incident of national origin discrimination or even identifies Plaintiff as Haitian. Thus, contrary to Plaintiff's assertion, the letters did not serve the purpose of a properly prepared EEOC charge. Consequently, Defendant's Motion for Summary Judgment is granted.

Accordingly, it is hereby

ORDERED that:

1. Defendant's Motion for Summary Judgment [DE-18] is GRANTED.

2. The Court shall enter a separate judgment.

3. This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 30th day of September, 2010.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record